UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**MG Incentives, Inc.,**

     **Plaintiff,**

v.

**The Stanley Works,**

     **Defendant.**

---

Civil Action No.: 05-2637 (DSD/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

  The above entitled matter came before the undersigned United States Magistrate Judge on Defendant's Motion for Judgment on the Pleadings (Doc. No. 4). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. The instant motion was specifically referred by Order of Senior District Judge Doty, dated January 30, 2006. Defendant timely filed the instant motion and indicated that it did not desire oral argument. The Court established a briefing schedule by Order dated January 31, 2006. Plaintiff failed to file a response to the motion before the Court ordered deadline of February 17, 2006. On February 27, 2006, Plaintiff sought permission from the Court to file a tardy responsive pleading. Finding a lack of good cause for an extension to the briefing deadline, the Court denied Plaintiff's request by Order dated February 28, 2006. The Court now considers Defendant's motion on the papers before it.

## I. INTRODUCTION

This lawsuit arises out of a purchase order between Plaintiff MG Incentives, Inc. ("MGI") and The Merchand Promotional Group, LLC ("MPG"). According to the Complaint, MPG is a duly authorized "Master Dealer" of Defendant The Stanley Works ("Stanley"). On June 21, 1999, MGI placed a purchase order with MPG for the manufacture of 24,000 Stanley Custom Tool Kits (the "tool kits"). Under the terms of the purchase order, the tool kits were to be shipped no later than September 20, 1999, and delivered no later than September 23, 1999. As part of the agreement, MPG required MPI to remit one-half of the total price of the purchase order in advance, and MGI remitted $93,000 to MPG. $49,000 of the advance payment was forwarded to Stanley through a check bearing the date July 27, 1999.

The tool kits were not shipped by September 20, 1999, nor were they received by MGI on or before September 23, 1999. MGI has never received any of the tool kits ordered under the purchase order. On October 21, 1999, MGI commenced litigation against MPG in Hennepin County District Court. Stanley was not named as a party to the state court suit brought by MGI. In the state court action, MGI secured a judgment in excess of $100,000 against MPG. MGI has pursued collection of the judgment against MPG, but claims MPG has retained no assets and is incapable of satisfying its obligation to MGI.

MGI brought the instant action against Stanley asserting claims of breach of covenants of good faith and fair dealing, conversion, unjust enrichment, promissory estoppel and respondeat superior. MGI claims Stanley is responsible for damages to MGI resulting from non-delivery of the tool kits as provided under the purchase order. MGI originally filed this suit in Minnesota state court. Upon motion by Stanley, the case was removed to federal court on the basis of diversity jurisdiction.

Stanley now moves this Court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) claiming all of MGI's claims alleged in the Complaint are barred by the applicable statutes of limitations. Because the undersigned finds the five causes of actions set forth in the Complaint are barred by the applicable statutes of limitations, the Court recommends Defendant's Motion for Judgment on the Pleadings be granted and Plaintiff's Complaint be dismissed with prejudice.

**II.   DISCUSSION**

   **1.   Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed, but within such a time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should only be granted if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court must accept the well-pleaded material facts alleged by the non-moving party in its pleadings as true, and draw all reasonable inferences from those facts in favor of the non-moving party. *Independent Fed'n Flight Attendants v. Cooper*, 141 F.3d 900, 901 (8th Cir. 1998).

   **2.   Statute of Limitations Under the UCC**

Stanley asserts that MGI's claims in this action are based upon the purchase order between MGI and MPG, that the purchase order is for the sale of goods, and that the Plaintiff's claims are therefore governed by the Uniform Commercial Code. Stanley argues that the four-year statute of limitations set

forth in Minnesota Statute § 336.2-725 bars the claims alleged by Plaintiff in the Complaint filed on October 20, 2005.

Article 2 of the Uniform Commercial Code has been adopted by Minnesota and codified at Minn.Stat. §§ 336.2-101 to 336.2-725 (2000). Article 2 of the U.C.C. applies to transactions in goods. Minn.Stat. § 336.2-102. Article 2 defines goods as: "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." Minn.Stat. § 336.2-105(1). Any action for breach of contract for the sale of goods must be commenced within four years after the cause of action has accrued. Minn. Stat. § 336.2-725. A cause of action accrues when the breach occurs. Minn. Stat. § 336.2-725(2).

In this matter, the purchase order is a contract for the manufacture and sale of goods, specifically, 24,000 Stanley tool kits. Any action for a breach of this contact must, therefore, be commenced within four years after the cause of action accrued. A breach of warranty claim on a transaction in goods is governed by the four-year limitation in section 336.2-725(1). *Valley Farmers' Elevator v. Lindsay Bros. Co.,* 398 N.W.2d 553, 556-57 (Minn.1987), *overruled on other grounds, Hapka v. Paquin Farms,* 458 N.W.2d 683, 688 (Minn.1990). In addition, under Minnesota law, the statute of limitation for a respondeat superior claim is the same as that for the underlying cause of action. *See Oelschlager v. Magnuson*, 528 N.W.2d 895, 902 (Minn.App. 1995) *citing Kaiser v. Memorial Blood Ctr. of Mpls.,* 486 N.W.2d 762, 767 (Minn.1992).

A review of Plaintiff's claims reveals that the causes of action in the Complaint relate to and arise from the failure by MPG to deliver the tool kits as agreed upon in the purchase order between MPI and

MPG. First, the breach of covenants of good faith and fair dealing claim alleges that Stanley "impliedly warranted and covenanted that ... the Tool Kits would be delivered by the date promised." Complaint at ¶ 7.2. Similarly, Plaintiff's unjust enrichment and promissory estoppel claims allege that Stanley failed to deliver the tool kits in a timely manner as provided in the purchase order contract. *See* Complaint at ¶¶ 9.3 and 10.4. Plaintiff's fifth cause of action for respondeat superior alleges "Stanley is responsible for the actions of MPG and accountable to Plaintiff for its losses." Complaint at ¶ 11.4.

The Court finds that these causes of action as set forth in Plaintiff's Complaint are based upon the breach of the contract for the dale of goods between MGI and MPG. Consequently, the claims are subject to the four-year limitations period defined in section 336.2-725. Plaintiff has not alleged the existence of a separate contract between MGI and Stanley, and the Court finds that damages alleged by the Plaintiff arise solely from this contract for the sale of goods between MGI and MPG.

The purchase order in this case identified the shipping date for the 24,000 tool kits as September 20, 1999, and the date in-hand as September 23, 1999. Accordingly, the last possible date that a breach for non-delivery of the tool kits could have arisen under the purchase order was September 23, 1999. Under the applicable four-year limitations period, any lawsuit alleging claims arising from a non-delivery breach of the purchase order would have to have been filed by September 23, 2003. MGI served its Complaint in this case on October 20, 2005, more than six years after the required delivery date for the tool kits under the terms of the purchase order. As a result, Plaintiff's claims for breach of covenants of good faith and fair dealing, unjust enrichment, promissory estoppel and respondeat superior are all time-barred under the four-year limitations statute.

### 3. General Limitations Period

The only remaining claim is Plaintiff's cause of action for conversion. Here, Plaintiff alleges that "[d]espite not having provided any Tool Kits to Plaintiff and despite due demand therefor, Stanley refused to refund said monies, or any monies, to Plaintiff." Complaint at ¶ 8.3. Plaintiff's conversion claim is governed by subdivision 1 of § 541.05, which states, in pertinent part, that "[e]xcept where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six years: ... (4) For taking, detaining, or injuring personal property, including actions for the specific recovery thereof." Minn. Stat. § 541.05, subd. 1(4). The limitations period begins to run when the conversion occurs unless it was concealed. *See Williams v. Davis*, 234 N.W. 11, 13-14 (Minn. 1930).

There is no evidence of concealment in this case. Accordingly, the alleged conversion date can only be the date of non-delivery of the tool kits or the date of the $49,000 check was forwarded to Stanley from the advance payment to MPG by MGI. The date of the $49,000 check, as indicated on the copy attached to MGI's Complaint, was July 27, 1999. As previously mentioned, the in-hand date set forth in the purchase order was September 23, 1999. Under either of these commencement dates for the running of the limitations period for a conversion claim by MGI, the October 20, 2005 filing date of the Complaint in this case is beyond the six-year period permitted by law for filing any such conversion claim. Thus, Plaintiff's conversion claim is also time-barred.

The Court further notes that even if the Uniform Commercial Code did not apply to the claims alleged in Plaintiff's Complaint, a finding the Court does not make here, each of Plaintiff's five causes of action alleged in the Complaint would be barred by the limitations set forth in Minnesota Statute Chapter

541. The Court has already discussed the applicable portion of subdivision 1 with respect to Plaintiff's conversion claim. Subdivision 1(1) of § 541.05 provides that "[e]xcept where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six years: (1) Upon a contract or other obligation express or implied, as to which no other limitation is expressly prescribed; ..." Minn Stat. § 541.05, subd. 1(1). Thus, the filing of Plaintiff's Complaint alleging damages from the breach of the purchase order contract more than six years after the September 23, 1999 delivery date specified in the purchase order was outside of the prescribed limitations period for such claims. Consequently, Plaintiff's claims for breach of covenants of good faith and fair dealing, unjust enrichment, promissory estoppel and respondeat superior would also be barred under the general statute of limitations set forth in Minnesota Statute Chapter 541.

### III.   CONCLUSION

For all of these reasons, and in consideration of the entire record and file herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 4) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

Dated: April 25, 2006

                                                          s/Jeanne J. Graham

                                                          JEANNE J. GRAHAM
                                                          United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 12, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure

to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.