UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2637(DSD/JJG)

MG Incentives, Inc.,

        Plaintiff,

v.                                            **ORDER**

The Stanley Works,

        Defendant.

      This matter is before the court upon plaintiff's objections to the report and recommendation of Magistrate Judge Jeanne J. Graham dated April 25, 2006. In her report, the magistrate judge recommended that defendant's motion for judgment on the pleadings be granted and that this matter be dismissed with prejudice. For the reasons that follow, the court adopts the magistrate judge's recommendation.

**BACKGROUND**

      On June 21, 1999, plaintiff MG Incentives, Inc., placed a purchase order with The Merchand Promotional Group, LLC, ("MPG") for 24,000 tool kits for a total price of $186,000. MPG is an authorized dealer of defendant, The Stanley Works. Shortly thereafter, plaintiff remitted $93,000 to MPG and on July 27, 1999, MPG forwarded $40,000 of that advance payment to defendant.

Pursuant to the terms of the contract, MPG was to ship the tool kits by September 20, 1999, and deliver the tool kits by September 23, 1999. MPG never shipped nor delivered the tool kits.

Plaintiff successfully obtained a state court judgment in excess of $100,000 against MPG in Hennepin County District Court. However, unable to collect on that judgment plaintiff commenced this lawsuit against defendant on October 20, 2005. Plaintiff asserts claims of breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, respondeat superior liability for the actions of MPG and conversion. Defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil procedure 12(c).

In her report and recommendation, the magistrate judge determined the timeliness of plaintiff's claims of breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel and respondeat superior are governed by Minnesota's enactment of Article 2 of the Uniform Commercial Code ("UCC"). See Minn. Stat. §§ 336.2-101 to -725. Accordingly, she concluded that those claims are time barred by the applicable four-year statute of limitations. See id. § 336.2-725. As to plaintiff's conversion claim, the magistrate judge determined that the six-year statute of limitations set forth at Minnesota Statutes section 541.05 applies and began to run no later than September 23, 1999. See id. § 541.05 subd. 1(4). Therefore, the magistrate

judge concluded that plaintiff's conversion claim was also time barred. Having determined that all plaintiff's claims are barred by the applicable statutes of limitations, the magistrate judge recommended that judgment on the pleadings is warranted.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). Plaintiff objects to the report and recommendation, arguing that the six-year statute of limitations set forth at Minnesota Statutes section 541.05 applies to all of its claims and began to run on October 21, 1999. Because the complaint was filed on October 20, 2005, plaintiff asserts that its claims are timely.

The parties do not dispute that the contract between plaintiff and MPG is a contract for the sale of goods and is governed by the UCC.[1] See Minn. Stat. §§ 336.2-101 to -725. The six-year statute of limitations contained in Minnesota Statutes section 541.05 applies to contract claims only if the UCC does not otherwise prescribe a limitations period. See Minn. Stat. § 541.05 subd

---

[1] Plaintiff has not alleged or pleaded the existence of a contract between itself and defendant. Rather, all of its claims against defendant arise out of the contract that plaintiff entered into with MPG.

1(1).  The UCC prescribes a four-year limitations period for actions for the breach of a contract for the sale of goods.  See Minn. Stat. § 336.2-725(1).

Assuming, without deciding, that plaintiff's claims for breach of the implied covenant of good faith and fair dealing and respondeat superior are actionable against defendant, the timeliness of each claim is governed by the UCC's four-year statute of limitations.  See Minn. Stat. § 336.2-725(1); Medtronic, Inc. v. ConvaCare, Inc., 17 F.3d 252, 256 (8th Cir. 1994) ("Minnesota law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing separate from the underlying breach of contract claim."); D.M.S. v. Barber, 645 N.W.2d 383, 390-91 (Minn. 2002) (statute of limitations for respondeat superior claim is same as that for the underlying cause of action).  Breach of contract claims under the UCC accrue the date the breach occurred.  See Minn. Stat. § 336.2-725(2).  The magistrate judge correctly found that the latest date by which the contract between plaintiff and MPG could have been breached was September 23, 1999, the date the tool kits were to be delivered. Accordingly, the four-year statute of limitations on plaintiff's claims for breach of the implied covenant of good faith and fair dealing and respondeat superior ran on September 23, 2003. Therefore, judgment on the pleadings is warranted on those claims.

Plaintiff's promissory estoppel and unjust enrichment claims are claims of equity.[2] See Olson v. Synergistic Techs. Bus. Sys., Inc., 628 N.W.2d 142, 151 (Minn. 2001) (promissory estoppel claim is equitable and requires good faith reliance on a promise unsupported by consideration); Midwest Sports Mktg., Inc. v. Hillerich & Bradsby of Canada, Ltd., 552 N.W.2d 254, 268 (Minn. Ct. App. 1996) (unjust enrichment claim is equitable and founded upon party who unlawfully enriches himself at the expense of another). Because the UCC does not prescribe a limitations period for equitable claims, the six-year statute of limitations set forth at Minnesota Statutes section 541.05 applies to these claims. See Minn. Stat. § 541.05 subd. 1(1); Jacobson v. Bd. of Trustees, 627 N.W.2d 106, 110 (Minn. Ct. App. 2001) (section 541.05 applies to promissory estoppel and unjust enrichment claims). The magistrate judge correctly found that plaintiff's claims for promissory estoppel and unjust enrichment are based upon the same facts that gave rise to the original breach of contract action that plaintiff brought against MPG in state court, the failure to timely deliver

---

[2] The viability of plaintiff's equitable claims presupposes that defendant's obligations and duties are not governed by the terms of the contract entered into between plaintiff and MPG. See Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1392 n. 4 (8th Cir. 1997) ("Minnesota does not allow recovery under an unjust enrichment theory when there is an express contract which governs the parties' relations."); Greuling v. Wells Fargo Home Mortgage, Inc., 690 N.W.2d 757, 761 (Minn. Ct. App. 2005) ("[A]n express contract covering the same subject matter will preclude the application of promissory estoppel.")

the tool kits.  (See Compl. ¶¶ 9, 10.)  The latest date by which either claim could have arisen is September 23, 1999.  Accordingly, the six-year statute of limitations on each claim ran on September 23, 2005.  Therefore, those claims are time barred and judgment on the pleadings is warranted.

Lastly, plaintiff's tort law claim of conversion is predicated upon an alleged willful and unlawful interference of the use and possession of property.  See Mid-List Press v. Nora, 275 F. Supp. 2d 997, 1005 (D. Minn. 2003) (citing DLH, Inc., v. Russ, 566 N.W.2d 60, 71 (Minn. 1997)).  The UCC does not prescribe a statute of limitations for tort claims, and the six-year statute of limitations set forth at Minnesota Statutes section 541.05 applies to plaintiff's conversion claim.  See Minn. Stat. § 541.05 subd. 1(4); Koes v. Advanced Design, Inc., 636 N.W.2d 352, 359 n. 2 (Minn. Ct. App. 2001) (section 541.05 applies to conversion claims).  The magistrate judge correctly found that based upon the pleadings the six-year statute of limitations began to run no later than September 23, 1999.  See Williamson v. Prasciunas, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003) (absent evidence of fraudulent concealment, statute of limitations on conversion claim begins to run when the cause of action accrues).  The statute of limitations ran on September 23, 2005.  Therefore, plaintiff's conversion claim is time barred, and judgment on the pleadings is warranted.

For all of the foregoing reasons, the court adopts the recommendation of the magistrate judge and holds that judgment on the pleadings is warranted on all of plaintiff's claims.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for judgment on the pleadings [Doc. No. 4] is granted.

2. This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 27, 2006

s/David S. Doty  
David S. Doty, Judge  
United States District Court